IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JENNEFER L. DEITHLOFF f/k/a | ) | |
| JENNEFER MORADO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of a delegate of the Attorney General, seeks a permanent injunction barring Jennefer L. Deithloff from acting as a federal tax return preparer and from engaging in conduct subject to penalty under the Internal Revenue Code (26 U.S.C) (the "Code").

### Jurisdiction

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

2. Jennefer Deithloff, formerly known as Jennefer Morado, currently resides and conducts business within the jurisdiction of this Court.

16189120.4

**The Defendant**

3.  From 2013 to 2015, Deithloff worked as a return preparer for a seasonal tax preparation service in Carpentersville, Illinois, that operated under the business name PM Tax Services and was formerly known as Servicios.

4. From 2009 to 2012, Deithloff worked at PM Tax Services as a clerk.

5. Deithloff graduated from Elgin Community College in May 2013 with an associate degree in art.

6. PM Tax Services was owned and operated by Deithloff's ex-husband, Pablo Morado.

7. On October 13, 2016, Pablo Morado and PM Tax Services were permanently enjoined from engaging in any tax preparation activities in *United States v. Morado*, et al, Case No 1:16-cv-03923 (N.D. Illinois) (Doc. No. 13).

8. PM Tax Services built its customer base through word-of-mouth referrals from existing customers. Upon information and belief, many of PM Tax Services' customers were not native English speakers and were unsophisticated with respect to tax law and the preparation of federal income tax returns.

**Misuse of PTIN**

9. The IRS assigns every return preparer a unique identification number, called a Preparer Tax Identification Number ("PTIN"), which must be affixed to every return the preparer files.

10. The IRS issued Deithloff a PTIN on November 29, 2012.

11. Immediately upon beginning to prepare tax returns, Deithloff knowingly allowed other tax preparers at PM Tax Service to file tax returns using her PTIN.

2

12. According to IRS records, in calendar year 2013, 1,200 returns were prepared under Deithloff's PTIN. During 2013, return preparers Zoar Guerrero, Patricia Cardona, Sara Contreras and Mercedes Ayala prepared returns using Deithloff's PTIN with Deithloff's knowledge and consent.

13. According to IRS records, in calendar year 2014, 1,675 tax returns were prepared under Deithloff's PTIN. During 2014, return preparers Zoar Guerrero, Patricia Cardona, Sara Contreras, and Mercedes Ayala prepared returns using Deithloff's PTIN with Deithloff's knowledge and consent.

14. According to IRS records, in calendar year 2015, 959 returns were prepared under Deithloff's PTIN. During 2015, return preparers Zoar Guerreo and Patricia Cardona prepared returns under Deithloff's PTIN with Deithloff's knowledge and consent.

### IRS Investigations into Deithloff's Tax Preparation Activities

15. The Internal Revenue Service conducted an analysis of returns prepared using Deithloff's PTIN from 2013 through 2015, and found that approximately 95% of customers received tax refunds.

16. As part of the investigation into Deithloff's tax preparation activities, the IRS conducted audit examinations of at least 11 returns prepared by Deithloff for the 2014 tax year.

17. Of the 11 examined returns, 10 required adjustments that resulted in increasing her customer's tax liability.

18. The IRS investigation reveals that Deithloff systematically filed, or caused to be filed, fraudulent and abusive tax returns.

3

19. In November, 2015, Deithloff told the IRS she would no longer prepare or assist in preparing federal income tax returns.

20. According to IRS records, Deithloff continued to prepare returns in calendar year 2016.

**Deithloff's Fraudulent Tax Preparation Activities**

21. The goal of Deithloff's tax-fraud activities was to significantly underreport the tax liabilities of her customers and, as a result, for Deithloff to profit by charging fees for preparing and filing fraudulent income tax returns.

22. To carry out her tax-fraud schemes, Deithloff routinely prepared returns claiming head of household filing status for customers who are ineligible for that status. To qualify for head of household filing status, a taxpayer must be unmarried or considered unmarried at the end of the year, have paid more than half the cost of keeping up a home for the tax year (either one's own home or the home of a qualifying parent), and, in most cases, have a qualifying person who lived in the home for more than half of the tax year, unless the qualifying person is a dependent parent. Taxpayers who qualify for the head of household filing status benefit from a higher standard deduction and lower tax rates compared to taxpayers with single or married filing separately statuses.

23. The fraudulent tax returns prepared by Deithloff also included false Form 1040, Schedule A itemized deductions. Schedule A is used by taxpayers who choose to itemize deductions rather than use the standard deduction from adjusted gross income.

24. By creating false Schedule A deductions, Deithloff was able to offset her customers' wage income to fraudulently obtain a refund of income taxes previously withheld and paid to the IRS.

4

16189120.4

25.   Deithloff also prepared returns claiming Child and Dependent Care Credit for customers who are ineligible for that credit.  To qualify for Child and Dependent Care Credit, a taxpayer must have paid expenses for the care of a qualifying individual to enable the taxpayer or a spouse to work or actively look for work.

26. Also, Deithloff prepared returns that fraudulently deducted child tax credits as well as additional child tax credits on their customers' returns for ITIN dependents permanently living abroad and who have never been to the United States.  The Child Tax Credit and Additional Child Tax Credit are available to taxpayers who, during the taxable year, have a "qualifying child," who did not provide over half of his or her own support during the taxable year, lived with the taxpayer for more than one-half of the year, and was a U.S. citizen, a U.S. national, or a U.S. resident alien. Generally, to be a U.S. resident, the child will need to meet the requirements of a "substantial presence test" as defined in 26 U.S.C. § 7701(b)(3).

27. Other returns prepared by Deithloff claimed the dependency exemption deduction for ineligible taxpayers.  Prior to calendar year 2018, a taxpayer could claim a dependency exemption for an individual who was a dependent (as defined by 26 U.S.C. § 152) of the taxpayer for the taxable year.  In 2014, a dependent was defined to include a "qualifying child," who, inter alia, must share the same principal place of abode as the taxpayer for more than one-half of the year   [26 U.S.C. §§ 152(a) & (c)], or a "qualifying relative" who, inter alia, must bear a specific relationship to the taxpayer, or has the principal place of abode as the taxpayer and is a member of the taxpayer's household [26 U.S.C. §§ 152(d)(2)(A)-(H)].

28. Often, the customers whose returns include the Child and Dependent Care credit or a dependency exemption deduction told the IRS that they neither paid for child or dependent care, nor had qualifying children or individuals living with them during the required period of time.

29. Some specific examples of Deithloff's fraudulent tax preparation activities are as follows:

**CUSTOMER 1 [A.A.V.]**

30. CUSTOMER 1, of Chicago, Illinois was a customer of Deithloff's for 4 years.

31. Deithloff prepared the 2014 income tax return of CUSTOMER 1, which lists Deithloff as the preparer and PM Tax Services as the tax preparation service/firm.

32. When preparing CUSTOMER 1's 2014 income tax return, Deithloff claimed head of household status on CUSTOMER 1's Form 1040. However, CUSTOMER 1 was ineligible for that status because he lived only with his fiancée in tax year 2014 (whom he did not claim as a dependent), and did not live with any eligible dependents. Deithloff did not ask CUSTOMER 1 any questions related to his filing status during the preparation of his 2014 tax return.

33. Deithloff also falsely reported CUSTOMER 1's cousins as dependents on his 2014 tax return. Deithloff listed the dependents as his "nieces" on CUSTOMER 1's 2014 tax return when they were not in fact his nieces, but his cousins who reside in Mexico. CUSTOMER 1's cousins were not eligible to be treated as dependents because they were not qualifying relatives of CUSTOMER 1. CUSTOMER 1 told Deithloff that his cousins lived in Mexico during 2014.

34. Due to the fraudulent dependency exemptions and the false head of household filing status, CUSTOMER 1 received a refund of $4,553 to which he was not entitled.

6

16189120.4

35. The false dependency exemption and head of household filing status were fabricated to reduce CUSTOMER 1's tax liability and/or increase his 2014 income tax refund.

**CUSTOMER 2 [D.A.B.]**

36. CUSTOMER 2, of Glendale Heights, Illinois, was a customer of Deithloff's for 4 years. Deithloff prepared the 2014 income tax return of CUSTOMER 2 which lists Deithloff as the paid tax preparer and PM Tax Service as the tax preparation service/firm.

37. When preparing CUSTOMER 2's return, Deithloff falsely reported a Child Tax Credit of $1,168 and an Additional Tax Credit of $832. However, CUSTOMER 2 was ineligible for the child tax credits because his nieces, who lived in Mexico, did not reside with him for any portion of 2014. CUSTOMER 2 told Deithloff that his nieces lived in Mexico. Deithloff also falsely claimed CUSTOMER 2's nieces as dependents and reported that CUSTOMER 2 had head of household status on his 2014 tax return. However, CUSTOMER 2 was ineligible for that status because he did not provide more than one-half of the support for his household or for his nieces in 2014. Deithloff did not ask CUSTOMER 2 any questions about his filing status, and only asked him if there were any changes from prior tax years. CUSTOMER 2 told Deithloff that there were no changes from prior years.

38. Because of the false filing status and dependency exemptions, CUSTOMER 2 received a refund of $918 to which he was not entitled.

39. The false dependency exemptions, head of household filing status, and child tax credits were fabricated to reduce CUSTOMER 2's tax liability and/or increase his 2014 income tax refund.

16189120.4

**CUSTOMER 3 [J.J.L.]**

40. CUSTOMER 3, of Elgin, Illinois was a customer of Deithloff's for 5 years.

41. Deithloff prepared CUSTOMER 3's 2014 income tax return, which lists Deithloff as the preparer and PM Tax Services as the tax preparation service/firm.

42. When preparing CUSTOMER 3's 2014 income tax return, Deithloff claimed head of household status on CUSTOMER 3's Form 1040.  However, CUSTOMER 3 was ineligible for that status because he was married in 2014. In fact, CUSTOMER 3 told Deithloff that he was married, and that he and his wife chose to file separate returns.

43. CUSTOMER 3 also falsely claimed a child tax credit of $2,000, and falsely reported dependency exemptions for his nephews. However, CUSTOMER 3 was ineligible for the dependency exemptions, because he did not provide more than one-half of their support during 2014.  CUSTOMER 3 was ineligible for the child tax credit because he did not provide more than one-half of their support during 2014 and because the nephews lived in Mexico and not with him.  Deithloff did not ask CUSTOMER 3 if he provided support to his nephews or where his nephews lived.

44. Because of the false filing status and dependency exemptions, CUSTOMER 3 received a refund of $1,752 to which he was not entitled.

45. The false dependency exemptions, head of household filing status, and child tax credits were fabricated to reduce CUSTOMER 3's tax liability and/or increase his 2014 income tax refund.

**CUSTOMER 4 [E.C.M.]**

46.  CUSTOMER 4, of West Chicago, Illinois, was a customer of Deithloff's for 4 years.

8

47. Deithloff prepared CUSTOMER 4's 2014 income tax return, which lists Deithloff as the return preparer and PM Tax Services as the tax preparation service/firm.

48. When preparing CUSTOMER 4's return, Deithloff claimed Head of Household Status and reported CUSTOMER 4's four nieces as dependents. However, CUSTOMER 4 was ineligible for that status because CUSTOMER 4 did not provide more than one-half of his nieces' financial support in 2014. Deithloff did not ask any questions regarding CUSTOMER 4's dependents.

49. CUSTOMER 4 also falsely claimed the additional tax credit of $2,003. However, CUSTOMER 4 was ineligible for the child tax credit because he did not provide more than one-half of their support and his nieces did not live with him during 2014. In fact, CUSTOMER 4 told Deithloff that his nieces lived in Mexico during 2014.

50. Because of the false filing status and dependency exemptions, CUSTOMER 4 received a refund of $2,003 to which he was not entitled.

51. The false dependency exemptions, head of household filing status, and child tax credits were fabricated to reduce CUSTOMER 4's tax liability and/or increase his 2014 income tax refund.

**CUSTOMER 5 [L.N.S.]**

52. CUSTOMER 5, of Winfield, Illinois, was a customer of Deithloff's for 3 years.

53. Deithloff prepared CUSTOMER 5's 2014 income tax return, which lists Deithloff as the preparer and PM Tax Services as the tax preparation service/firm.

54. When preparing CUSTOMER 5's 2014 income tax return, Deithloff claimed head of household filing status. However, CUSTOMER 5 was ineligible for that status because he did

not have qualifying relatives for whom he provided more than one-half of their support during 2014.

55. Deithloff falsely reported a Child Tax Credit of $1,404 and an Additional Tax Credit of $596 for CUSTOMER 5 for 2014. However, CUSTOMER 5 was ineligible for the child tax credits because the reported dependents, his niece and nephew, lived in Mexico and did not reside with him for any portion of 2014. CUSTOMER 5 did not tell Deithloff that his dependents lived with him during 2014 and did not know that Deithloff falsely reported that they lived with him on his 2014 return. In fact, CUSTOMER 5 told Deithloff that his nieces lived in Mexico. Deithloff reported the child tax credits without CUSTOMER 5's knowledge and consent.

56. Because of the false filing status and child tax credits, CUSTOMER 5 received a refund of $4,893 to which he was not entitled for 2014.

57. The false head of household filing status and child tax credits were fabricated to reduce CUSTOMER 5's tax liability and/or increase his 2014 income tax refund.

**CUSTOMER 6  [T.A.C.]**

58. CUSTOMER 6 of Elmhurst, Illinois was a customer of Deithloff's for 3 years.

59. Deithloff prepared CUSTOMER 6's 2014 income tax return, which lists Deithloff as the preparer and PM Tax Services as the tax preparation service/firm.

60. When preparing the 2014 income tax return of CUSTOMER 6, Deithloff inflated the amount of Qualified Child Care Expenses. Deithloff falsely reported that CUSTOMER 7 incurred $6,000 in child care expenses when in fact, CUSTOMER 6 incurred only $3,900 in child care expenses. CUSTOMER 6 told Deithloff that in 2014, she sometimes paid her mother to watch her children, but they did not discuss the amount that CUSTOMER 6 paid her mother.

10

Deithloff fabricated the child care expenses on the 2014 return without CUSTOMER 6's knowledge or consent.

61. Because of the false Qualified Child Care Expenses, CUSTOMER 6 received a refund of $5,256 to which she was not entitled.

62. The false Qualified Child Care Expenses were fabricated to reduce CUSTOMER 6's tax liability and/or increase her 2014 income tax refund.

**CUSTOMER 7 [D.G.]**

63. CUSTOMER 7 of Elgin, Illinois was a customer of Deithloff's for at least 4 years.

64. Deithloff prepared CUSTOMER 7's 2014 income tax return, which lists Deithloff as the preparer and PM Tax Services as the tax preparation service/firm.

65. When preparing the 2014 income tax return of CUSTOMER 7, Deithloff falsely reported on Schedule A that CUSTOMER 7 incurred $50,109 in Closing Fees associated with the purchase of his personal residence.  In 2014, CUSTOMER 7 purchased his home for $186,500, which included $32,000 in remodeling costs. During the preparation of his 2014 tax return, CUSTOMER 7 provided Deithloff with the closing document for the purchase of his home. Deithloff manufactured the Schedule A Closing Fees of $50,109 to offset CUSTOMER 7's income so that he would receive a refund.

66.   Due to the fraudulent Schedule A Deduction, CUSTOMER 7 received a refund of $6,092 to which he was not entitled.

**Harm to the United States**

67.   The fraudulent returns Deithloff has prepared and filed have caused and continue to cause substantial harm to the United States by fraudulently reducing customers' reported tax

11

liabilities, helping taxpayers to obtain fraudulent refunds and evade taxes, and by obstructing the IRS's efforts to administer the federal tax laws.

68. Deithloff's fraudulent conduct — which is essentially stealing from the United States Treasury — has caused significant damage to the fisc. The IRS's audits show an actual harm to the United States of $26,076, based on just the 11 income tax returns examined. Because only a portion of Deithloff's returns were audited, the IRS estimates that the harm done to the United States due to tax returns prepared by or under the direction of Deithloff is substantially more than $26,076.

69. The United States is also harmed because the IRS must devote some of its limited resources to investigating Deithloff's conduct as a tax return preparer, detecting and examining inaccurate and fraudulent returns filed by Deithloff and attempting to assess and collect from her customers' unpaid taxes and penalties, some of which may not be collectible.

70. The United States is also harmed by Deithloff allowing other tax preparers to use her PTIN, an action that actively thwarts the IRS's ability to administer the Internal Revenue Code and to identify fraudulent tax preparers.

71. Deithloff's customers have been harmed because they have paid her to prepare tax returns, and they now may be liable for sizable penalties and interest.

72. In addition to the direct monetary and administrative harm caused by preparing returns that understate customers' tax liabilities, Deithloff's illegal activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

12

16189120.4

73. Deithloff's illegal conduct also causes intangible harm to honest tax return preparers, because by preparing returns that falsely or fraudulently underreport her customers' tax liabilities and inflate her customers' refunds, she gains an unfair competitive advantage over tax return preparers who do not do so and who as a result may have fewer customers.

**COUNT I:  Injunction under 26 U.S.C. § 7407 for Violation of 26 U.S.C. §§ 6694 and 6695**

74. The United States incorporates by reference the allegations in paragraphs 1 through 73.

75. A court is authorized to enjoin an income tax return preparer who engages in conduct subject to penalty under Code sections 6694 or 6695, pursuant to 26 U.S.C. § 7407.

76. Code section 7701(a)(36) defines a "tax return preparer" as a person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

77. Deithloff is a tax return preparer within the meaning of section 7701(a)(36).

78. Code section 6694(a) penalizes a tax return preparer if: (1) the preparer prepares a return or claim for refund that includes an understatement of liability due to a position for which there is not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

79. Code section 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

80. Deithloff is subject to penalty under Code section 6694(a) because she prepared returns for customers that underreported her customers' tax liabilities and that she knew or should have

known contained positions for which there was no substantial authority or for which there was no reasonable basis.

81. Deithloff is subject to penalty under Code section 6694(b) because she willfully prepared tax returns for customers that she knew contained incorrect filing statuses, fabricated Schedule A deductions, false Child and Dependent Care Credits, and false Child Tax Credits.

82. Deithloff is subject to penalty under Code section 6695(g) because she failed to exercise diligence in determining her customers' eligibility for dependency emptions, or the Child Tax Credit and Additional Child Tax Credit.

83. Anything less than a permanent injunction and complete bar on the preparation of tax returns is unlikely to stop Deithloff from preparing fraudulent tax returns. Deithloff has shown flagrant disregard for the internal revenue laws.

**Count II:  Injunction under 26 U.S.C. § 7408 for Violation of 26 U.S.C. § 6701**

84. The United States incorporates by reference the allegations in paragraphs 1 through 83.

85. A court is authorized to issue an injunction if an income tax preparer engages in conduct subject to penalty under 26 U.S.C. § 6701, pursuant to 26 U.S.C. § 7408.

86. Code section 6701 penalizes any person who (1) aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

14

87. Deithloff has engaged in conduct subject to penalty under Code section 6701 by preparing and filing fraudulent tax returns on behalf of customers who obtain unwarranted refunds as a result.

88. Deithloff is subject to penalty under Code section 6701 because she prepared returns that she knew or had reason to know would be used as to material matters under federal tax law and that she knew would result in understatements of customers' tax liability.

89. The schemes Deithloff has used have caused and continue to cause substantial harm to the Government by fraudulently reducing her customers' reported tax liabilities, inducing the IRS to issue fraudulent refunds, and obstructing the IRS's efforts to administer federal tax laws.

90. The magnitude of the lost tax revenue caused by Deithloff's fraudulent conduct is substantial.

91. The United States also is harmed because the IRS must devote its limited resources to detecting and examining inaccurate returns filed by Deithloff and to attempting to assess and collect unpaid taxes from her customers.

92. An injunction against Deithloff is necessary and appropriate to prevent the recurrence of her conduct, subject him to penalty under Code section 6701, and to prevent her from engaging in any other conduct subject to penalty under the Internal Revenue Code.

### Count III: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief

93. The United States incorporates by reference the allegations in paragraphs 1 through 92.

94. A court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws, pursuant to 26 U.S.C. § 7402(a).

16189120.4

95. Code section 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

96. Deithloff's activities described above substantially interfere with the enforcement of the internal revenue laws because her preparation and filing of numerous fraudulent tax returns resulted in customers not paying their correct federal tax liabilities and receiving tax refunds to which they were not entitled.

97. Deithloff violated IRS PTIN requirements for return preparers, by knowingly permitting other persons to use her PTIN to prepare returns.

98. An injunction prohibiting Deithloff from preparing or assisting in the preparation of tax returns is needed to stop her from preparing or filing fraudulent tax returns and to prohibit her from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

99. If Deithloff is not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

100. The public interest would be advanced by enjoining Deithloff because an injunction will stop her illegal conduct and stop the harm that conduct is causing the United States Treasury and the public.

101. An injunction under Section 7402 is necessary and appropriate, and the United States is entitled to injunctive relief under Section 7402. The injunction, as detailed below, should bar Deithloff and anyone acting in concert with her, from preparing or filing tax returns for others, representing customers before the IRS, and from otherwise engaging in conduct that interferes with the proper administration of the internal revenue laws.

16

WHEREFORE, the United States of America, prays for the following:

A.  That the Court find that Deithloff has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, that, pursuant to 26 U.S.C. § 7407, an injunction merely prohibiting conduct subject to penalty under §§ 6694 and 6695 would not be sufficient to prevent Deithloff's interference with the proper administration of the tax laws, and that Deithloff should be permanently enjoined from acting as an income tax return preparer;

B.  That the Court find that Deithloff has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

C.  That the Court find that Deithloff has interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. §§ 7402(a) under the Court's inherent equity powers;

D.  That this Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Deithloff, her officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with him or with them, from directly or indirectly:

1. Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person other than himself;

2. Representing any person before the IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

17

16189120.4

3. Owning, managing, controlling, working for, or volunteering for an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons;

4. Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701;

5. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

6. Employing any person who prepares or files, or assists in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person;

7. Advertising tax return preparation services through any medium, including print, online, and social media;

8. Referring any person to a tax preparation firm or a tax return preparer, or otherwise suggesting that a person use any particular tax preparation firm or tax return preparer; and,

9. Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E. That the Court, pursuant to 26 U.S.C. § 7402(a), 7407, and 7408, enter an order requiring Deithloff to produce to counsel for the United States, within thirty days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom she prepared federal tax returns or claims for a refund, for tax years beginning in 2012 and continuing through this litigation;

18

F.   That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Deithloff within 30 days of receiving the Court's order, to contact by U.S. mail and, if an e-mail address is known, by e-mail, all persons for whom she has prepared federal tax returns, amended tax returns, or claims for refund since January 2015, as well as all employees or independent contractors she has had since January 2015, and to inform them of the permanent injunction entered against her by sending each of them a copy of the order of permanent injunction, with no other enclosures unless approved by the Department of Justice or the Court;

G.   That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Deithloff within 45 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that she has received a copy of the Court's order and complied with the terms described in Paragraphs E and F of this Complaint.

H.   That this Court permit the United States to conduct post-judgment discovery to ensure Deithloff's compliance with the permanent injunction; and

I.   That this Court retain jurisdiction over Deithloff and over this action to enforce any injunction entered against her; and

J.   That this Court grant the United States such other relief as the Court deems appropriate.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55 - Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2604

16189120.4

Fax: (202) 514-5238
Email:  Mary.A.Stallings@usdoj.gov

20

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant _____
*(In U.S. plaintiff cases only)*
*Note: In land condemnation cases, use the location of the tract of land involved.*

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check __one__ box, only.)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government not a party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check __one__ box, only for plaintiff and __one__ box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check __one__ box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | **Habeas Corpus:** | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | ☐ 535 Death Penalty | ☐ 751 Family and Medical | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Slander | Pharmaceutical | ☐ 540 Mandamus & Other | Leave Act | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | ☐ 330 Federal Employers' | Personal Injury | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | Product Liability | ☐ 555 Prison Condition | ☐ 791 Employee Retirement | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury | ☐ 560 Civil Detainee – Conditions | Income Security Act | ☐ 470 Racketeer Influenced and |
| Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Product Liability | of Confinement | | Corrupt Organizations |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | | | **PROPERTY RIGHTS** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 820 Copyrights | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability | ☐ 370 Other Fraud | | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 835 Patent – Abbreviated | Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury – | ☐ 380 Other Personal | | New Drug Application | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Property Damage | | ☐ 840 Trademark | ☐ 891 Agricultural Acts |
| | | ☐ 385 Property Damage | | | ☐ 893 Environmental Matters |
| | | Product Liability | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure | ☐ 861 HIA (1395ff) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | of Property 21 USC 881 | ☐ 862 Black Lung (923) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | | | ☐ 864 SSID Title XVI | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | **IMMIGRATION** | | ☐ 865 RSI (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | | |
| | Employment | ☐ 463 Habeas Corpus – | | | |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | **FEDERAL TAXES** | |
| | Other | (Prisoner Petition ) | | ☐ 870 Taxes (U.S. Plaintiff | |
| | ☐ 448 Education | ☐ 465 Other Immigrant | | or Defendant) | |
| | | Actions | | ☐ 871 IRS—Third Party | |
| | | | | 26 USC 7609 | |

## V. ORIGIN *(Check __one__ box, only.)*

☐ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation

☐ 8  Multidistrict
        Litigation
        Direct File

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

DEMAND $

Check Yes only if demanded in complaint.
JURY DEMAND:  ☐ Yes  ☐ No

## IX. RELATED CASE(S) IF ANY  *(See instructions)*

Judge

Case Number

## X. Is this a previously dismissed or remanded case?  ☐ Yes  ☐ No  If yes, Case #

Name of Judge

Date _____

Signature of attorney of record _____

Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

         (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of  filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

         (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an  attachment, noting in this section "(see attachment)".

**II.**       **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are  included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take  precedence over diversity cases.)

**III.**       **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**       **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**       **Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**       **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**       **Previous Bankruptcy Matters**  For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

**VIII.**       **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**IX.**       **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**X.**       **Refiling Information.** Place an "X" in the Yes box if the case is being refiled or if it is a remanded case, and indicate the case number and name of judge. If this case is not being refiled or has not been remanded, place an "X" in the No box.

**Date and Attorney Signature.** Date and sign the civil cover sheet.